IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) TABATHA BARNES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-16-184-HE |
| | ) | |
| (1) CITY OF OKLAHOMA CITY, | ) | |
| a municipal corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BENNETT'S RESPONSE TO
PLAINTIFFS' FEDERAL RULE 56(d) AFFIDAVIT IN OPPOSITION
TO DEFENDANT BENNETT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Brian Bennett submits this Response to Plaintiffs' Federal Rule 56(d) Affidavit in Opposition to Defendant Bennett's Motion for Summary Judgment [Dkt. 158].

This is a civil rights action wherein the Plaintiffs[1] allege that their rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated as a result of wrongful detention and sexual assault at the hands of Defendant Daniel Holtzclaw while he was acting in his capacity as an Oklahoma City Police Officer.  In December 2015, Holtzclaw was convicted of eighteen criminal counts including rape, sexual battery, and forcible oral sodomy involving eight different African-American women.  Holtzclaw was sentenced to two hundred and sixty-three years imprisonment in January 2016.

Plaintiffs claim that Defendant Brian Bennett is civilly liable for Holtzclaw's despicable criminal acts because they allege that Bennett received an earlier report of

---

[1] On January 25, 2017, Syrita Bowen was dismissed as a party. (Dkt. 75).

sexual assault by Holtzclaw and, collectively motivated by racial animus, conspired with the other Defendants to cover up and take no action on that earlier report, thereby allowing Holtzclaw the ability to continue his predations unchecked. However, Plaintiffs' claims against Bennett are without evidentiary support and he should be dismissed from this case. As such, on November 20, 2018, Bennett filed his Motion for Summary Judgment asking that all claims be dismissed against him (Dkt. 152).

Plaintiff filed her Response on December 14, 2018 (Dkt. 154). In it, she admitted certain claims should be dismissed against Bennett. See Dkt. at FN 1 on p. 7. However, contemporaneous with the filing of Plaintiffs' Response to Defendant Bennett's Motion for Summary Judgment, Plaintiffs also filed a Rule 56(d) Affidavit (Dkt. 158). In it, Plaintiffs do not request the Court to provide the Plaintiffs with any sort of relief (Dkt. 158). However, to the extent that Plaintiffs may be requesting the Court to either deny the Defendant's Motion for Summary Judgment or to delay ruling thereon pending Plaintiffs' receipt of the subject discovery materials and opportunity to supplement their Response brief regarding same, any such request should be denied for the reasons stated herein.

Plaintiff's lawsuit was filed on February 25, 2016 (Dkt. 1), almost three years ago. Since that time, the Court has entered four different Scheduling Orders (Dkt. 38, 92, 108, 128). As of this filing, Plaintiff has scheduled only one deposition, Bennett's, and it was taken back on September 19, 2018. No other depositions are presently scheduled to be taken by Plaintiff, and Plaintiff has only very recently requested the deposition of Defendant Holtzclaw. Plaintiffs have had plenty of time to develop their claims, if there

actually were any but there are not, and discover evidence against Bennett in this case, if there actually was any but there's not.  He should have never been sued originally; but now that he has presented clearly established authority in support of dismissal of this case against him, it's time for resolution of this case against him.

Pursuant to Fed. R. Civ. P. 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it **cannot present facts essential to justify its opposition**, the court may…defer considering the motion or deny it;…allow time to obtain affidavits or declarations or to take discovery; or…issue any other appropriate order." (emphasis added).  "The general principle of Rule 56[(d)] is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is **essential** to [its] opposition." *Price ex rel. Price v. W. Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (emphasis added).  "Rule 56[(d)] does not require, however, that summary judgment not be entered until discovery is complete." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schools, Nos.* CIV-02-1146-JB/LFG, CIV 03-1185-JB/LFG, 2007 WL 2461629, at *3 (D.N.M. June 5, 2007) (unpub).[2]  A party requesting additional time for discover under Rule 56(d) is invoking the trial court's discretion. *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984) "The **movant's exclusive control of such information** is a factor weighing heavily in favor of relief under Rule 56[(d)]." *Price*, *supra*. (emphasis added).

The proper procedure by which a nonmoving party can request further discovery prior to the court's ruling on a motion for summary judgment is to file a Rule 56(d)

---

[2] A copy of this unpublished opinion is attached as Exhibit. 1.

affidavit explaining "why facts precluding summary judgment cannot be presented." Camfield v. State Farm Mut. Auto. Ins. Co., 532 F.3d 111, 1124 (10th Cir. 2008). However, Rule 56(d) is not a license to conduct a "fishing expedition." *Lewis v. Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990). The party invoking Rule 56(d) must explain why the party **cannot present facts precluding summary judgment**. *Price*, *supra*. If 'the party filing the Rule 56[(d)] affidavit has been dilatory, or if the information sought is either irrelevant to the summary judgment motion **or merely cumulative, no extension will be granted**." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (emphasis added).

It should noted that Defendant Bennett is not implicated at all with regard to the alleged delays in receipt of the discovery materials discussed in Plaintiffs' Rule 56(d) Affidavit. Rather, all of the discovery materials discussed in Plaintiffs' Rule 56(d) Affidavit is discovery sought from the Defendant City of Oklahoma City. As Defendant Bennett *is not the party with exclusive control of this discovery material*, that factor should weigh heavily against any grant of relief to the Plaintiffs under Rule 56(d). *See Price*, *supra*.

Moreover, Plaintiffs' Rule 56(d) Affidavit simply does not state adequate grounds for a grant of any sort of relief under Rule 56(d). Nowhere does the Affidavit state or infer that the Plaintiffs *cannot present facts essential* to justify their opposition to Defendant Bennett's Motion for Summary Judgment. Indeed, Plaintiffs cannot assert as such because they filed a Response to Defendant Bennett's summary judgment motion which responds to each and every one of Bennett's statements of material facts,

4

supported by citation to evidentiary materials.   Rather, Plaintiffs' Affidavit and their summary judgment Response brief merely refer to the need for **additional discovery** to **fully rebut** Defendant Bennett's arguments. (Dkt. 158, ¶¶ 18, 25; Dkt. 159, p. 12, ¶ 8; p. 13, ¶ 20; pp. 18-19; p. 26).   As such, it is clear that Plaintiffs merely seek additional, cumulative evidentiary materials which is inadequate for entitlement to relief under Rule 56(d). *See Jensen*, *supra*.

## CONCLUSION

Plaintiff's lawsuit was filed on February 25, 2016 (Dkt. 1), almost three years ago. Since that time, the Court has entered four different Scheduling Orders (Dkt. 38, 92, 108, 128).   As of this filing, Plaintiff has scheduled only one deposition and have scheduled no other.   Plaintiffs have had plenty of time to develop their claims, if there actually were any but there are not, and discover evidence against Bennett in this case, if there actually was any but there's not.   So, to the extent that Plaintiff may be requesting the Court to either deny the Defendant's Motion for Summary Judgment or to delay ruling thereon pending Plaintiffs' receipt of the subject discovery materials, which are not alleged to be and in fact are not in Bennett's possession, custody, or control, and opportunity to supplement their Response brief regarding same, Plaintiffs' Rule 56(d) Affidavit be denied.

Respectfully submitted,

s/ Ambre C. Gooch
Ambre C. Gooch, OBA No. 16586
COLLINS, ZORN, & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105-1815
Telephone:    (405) 524-2070
Facsimile:     (405) 524-2078
E-mail: acg@czwlaw.com

ATTORNEY FOR DEFENDANT
BRIAN BENNETT

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Melvin C. Hall - via electronic mail at: mhall@riggsabney.com
RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS, PC
528 N.W. 12th Street
Oklahoma City, OK 73103

Damario Solomon-Simmons - via electronic mail at: dsimmons@riggsabney.com
RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS, PC
502 West 6th Street
Tulsa, OK 74119

Benjamin L. Crump - via electronic mail at: bencrump@benccrump.com
Ben Crump Law, PLLC
122 S. Calhoun Street
Tallahassee, FL 32301
*Attorneys for Plaintiffs Terri Morris,*
*Carla Johnson, Kala Lyles, Jannie Ligons &*
*Shandayreon Hill*

Cody E. Gilbert - via electronic mail at: Gilbertlawok@gmail.com
BANKS, GILBERT AND BILLETT, PLLC
430 N.W. 5th Street
Oklahoma City, OK 73102
***Attorneys for Plaintiff Tabatha Barnes***

Richard C. Smith - via electronic mail at: rick.smith@okc.gov
Sherri R. Katz - via electronic mail at: sherri.katz@okc.gov
Assistant Municipal Counselor
200 North Walker, Suite 400
Oklahoma City, OK 73102
***Attorneys for Defendants The City of Oklahoma City,***
***Bill Citty and Rocky Gregory***

Nick Oberheiden - via electronic mail at: nick@federal-lawyer.com
Elizabeth K. Stepp - via electronic mail at: eks@federal-lawyer.com
OBERHEIDEN & MCMURREY, L.L.P.
5728 LBJ Freeway, Suite 250
Dallas, TX 75240

Kathleen T. Zellner - via electronic mail at: kathleen.zellner@gmail.com
Douglas H. Johnson - via electronic mail at: attorneys@zellnerlawoffices.com
Nicholas M. Curran - via electronic mail at: ktzemployees@gmail.com
Kathleen T. Zellner & Associates
1901 Butterfield Road, Suite 650
Downers Grove, IL 60515
***Attorneys for Defendant Daniel Holtzclaw***

s/ Ambre C. Gooch
Ambre C. Gooch