IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANNIE LIGONS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>CITY OF OKLAHOMA CITY, )<br>a municipal corporation, et al., )<br>)<br>Defendants. ) | Case No. CIV-16-184-HE |

**PLAINTIFFS' MOTION TO RECONSIDER ORDER DENYING
PLAINTIFFS' MOTION TO COMPEL [Doc. 154] AND BRIEF IN SUPPORT**

COME NOW, Plaintiffs Jannie Ligons, Terri Morris, Carla Johnson, Kala Lyles, and Shardayreon Hill through their attorneys of record Benjamin L. Crump of PARKS & CRUMP, LLC, and Melvin C. Hall, Damario Solomon-Simmons, and Kymberli J. M. Heckenkemper of RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS, PC, and bring this Motion to Reconsider the Order Denying Plaintiffs' Motion to Compel [Doc. 154]. In support of their Motion, Plaintiffs respectfully present as follows:

**INTRODUCTION**

Plaintiffs respectfully move the Court to reconsider its Order denying the motion to compel filed by Plaintiffs on October 5, 2018, on the grounds that the Court applied too narrow an application of the crime-fraud exception to the attorney-client and work-product privileges.

The Court's Order, while brief, explained that the reasoning behind the decision was that "the information previously redacted from the produced email does not reflect improper conduct on the part of defendant's counsel," and that it "appear[ed] to be within the scope of the attorney-

1

client and work product privileges." Doc. 154. Plaintiffs respectfully submit that the City waived any privilege by failing to timely object, and that whether the email reflected improper conduct on the part of defendant's counsel was too limited a standard to apply to determine whether the crime-fraud exception applies. Therefore, the Plaintiffs request that the Court reconsider and reverse its Order.

## **ARGUMENT & AUTHORITY**

### I. STANDARD FOR MOTION TO RECONSIDER

Federal Rule of Civil Procedure 60(b)(1) provides that "On motion and just terms, the court may relieve a party . . . from a[n] . . . order . . . for . . . mistake, inadvertence, surprise, or excusable neglect." Here, Plaintiffs respectfully posit that this Honorable Court, in denying their motion to compel, misapplied the law regarding waiver of objections to discovery requests and the standard for determining whether the crime-fraud exception to the attorney-client and work-product privileges applied to the redacted emails described in Plaintiffs' motion to compel. Accordingly, Plaintiffs seek relief from the Order and request that the Court reverse the same and issue an order granting their motion to compel.

### II. THE COURT'S ORDER WAS BASED ON A MISAPPLICATION OF LAW

The Court erred in denying Plaintiffs' motion to compel because any privilege that might have covered the emails of which Plaintiffs sought production was waived by Defendant City of Oklahoma City's (Defendant City) failure to timely object, or alternatively, because the crime-fraud exception applied.

Federal Rule of Civil Procedure 34 states that a party responding to a request for production of documents "must respond in writing within 30 days . . ." and that "[f]or each item

or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(A)-(B). Moreover, all objections "must state whether any responsive materials are being withheld on the basis of that objection . . . ." Fed. R. Civ. P. 34(b)(2)(C).

Two requests for production of documents, both served in September of 2016, are material to this motion and Plaintiffs' motion to compel. The first, Request for Production No. 1, sought "all documents received or generated as part of any investigation or witness contact arising from the report of a sexual assault or misconduct by Defendant Daniel Holtzclaw (Holtzclaw) on Demetria Campbell (Ms. Campbell) . . . ." *See* Defendant City of Oklahoma City's Responses to Plaintiffs' First Set of Requests for Production of Documents to Defendant City of Oklahoma City (Dec. 28, 2016) (Exhibit 1, filed herewith) at 1. In response to this request, Defendant City responded as follows:

> Objection, this "request" is misnumbered as there are 14 different individuals named herein. Secondly, as Plaintiffs and their counsel have been repeatedly told, Ms. Campbell <u>did not complain</u> of <u>any sexual assault</u> by Defendant Holtzclaw and have misrepresented Defendant City's Answer regarding this "allegation." Thirdly, Defendant City has obtained the medical records of Ms. Campbell because of her allegations made in a lawsuit and they are still privileged from release to the Plaintiffs in this lawsuit.
>
> Without waiving these objections, Defendant City will produce Lt. Bennett's use of force investigation into Ms. Campbell's complaint, the nurse's call to Oklahoma City Police Department (OCPD) dispatch, the call of Defendant Holtzclaw to OCPD dispatch, and all of Defendant City's investigation into the criminal allegations lodged against Defendant Holtzclaw as a result of the OCPD's investigation into his criminal activities at the Office of the Municipal Counselor, located at 200 N. Walker, Suite 400, Oklahoma City, OK 73102 at a mutually agreeable date and time.

*Id.* at 1-2 (emphasis in original). Notably, the only objection grounded in privilege was offered to the extent that the request applied to Ms. Campbell's medical records. It did not mention attorney-client privilege or work-product privilege.

The second material request, Request for Production No. 12, sought "all documents regarding the investigation of Ms. Campbell's complaint." *See id.* at 5. To this request, Defendant City's response was brief: "Objection, redundant."[1] *Id.* It contained no objection grounded in privilege, and no statement that any materials were being withheld.

In September of 2018, Counsel for Defendant City admitted to Plaintiffs' Counsel that a series of emails—which were not produced in 2016—had prompted Defendant Bennett to draft a supplemental report about his investigation of Ms. Campbell's complaint. Letter from Melvin C. Hall to Richard C. Smith, 1, n.1 (Sept. 21, 2018) (Exhibit 2, filed herewith). Believing such emails should have been addressed in Defendant City's responses to Plaintiffs' 2016 discovery request for "all documents regarding the investigation of Ms. Campbell's complaint," Plaintiffs' Counsel contacted Counsel for Defendant City in an effort to obtain the emails. *Id.* Counsel for Defendant City refused to produce them for thirty days, arguing the emails did not fall within the scope of the 2016 requests because they were "not part of the investigation," *see* Letter from Richard C. Smith to Melvin C. Hall, 2 (Sept. 25, 2018) (Exhibit 3, filed herewith), evidently

---

[1] The request was not redundant. The scope of Request for Production No. 12 was broader than the scope of Request for Production No. 1. In contrast to Request for Production No. 1, Request for Production No. 12 encompassed documents that discussed or referred to the investigation of Campbell's complaint, but that were not received or generated as part of such investigation. Further, Request for Production No. 12 did not qualify the word "complaint" with the phrase "of sexual assault or misconduct." Thus, Defendant City's objection to Request for Production No. 12 was broader than the scope of Request for Production No. 12. Thus, Defendant City's objection to Request for Production No. 1—that Ms. Campbell did not complain of sexual assault—would not be applicable to Request for Production No. 12.

ignoring that Plaintiffs sought, *in addition to* documents that were "part of" the investigation, documents "regarding" the investigation. In any event, the emails that prompted Defendant Bennett to supplement his report on his investigation of Ms. Campbell's complaint—which indisputably "regard" the investigation of Ms. Campbell's complaint—were not produced, even in their redacted form, until October of 2018. Nor was the 2016 discovery request expressly objected to on grounds of privilege until that time.

    Defendant City's two-year delay in either producing the emails or objecting to the request on grounds of privilege resulted in waiver of the privilege. *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally . . . failure to object . . . within the time fixed . . .constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged."); *Acadia Ins. Co. v. D.R. Horton, Inc.*, 2013 U.S. Dist. LEXIS 191001, *22-26 (D.N.M. Sept. 6, 2013) (unpub.) (ordering plaintiff to respond to discovery despite claims of attorney-client privilege due to failure to timely object and failure to establish good cause to justify delay); *Starlight Int'l, Inc. v. Herilhy*, 181 F.R.D. 494, 497 (D. Kan. 1998) ("A party may waive an objection, grounded in privilege, by untimely asserting it, under Fed. R. Civ. P. 33 and 34. Rule 33(b)(4) makes no distinction by type of objection. In the absence of good cause to excuse a failure to timely object, all objections not timely asserted are waived. The same principles apply to requests for production under Rule 34."); *U.S. v. 58.16 Acres of Land*, 66 F.R.D. 570, 572-73 (E.D. Ill. 1975) ("Even an objection that the information sought is privileged, is waived by a failure to make it within the proper time limits."); *Ritacca v. Abbott Labs.*, 203 F.R.D. 332 (N.D. Ill. 2001).

Accordingly, Plaintiffs submit that their motion to compel should have been granted, as the privilege asserted was lost by Defendant City's failure to expressly object to Plaintiffs' discovery request in 2016.

Alternatively, Plaintiffs posit that the Court should reverse its Order on the grounds that it applied too narrow a standard in determining that the crime-fraud exception to the privilege did not apply. In denying Plaintiffs' motion, the Court placed emphasis on the fact that the emails at issue reflected no improper conduct on the part of Counsel for Defendant City. However, the crime-fraud exception's applicability is not so limited; it also applies when the client uses the attorney's communication to perpetrate a crime or fraud, even if the attorney's participation was unknowing or innocent:

> Nor does the loss of the privilege depend upon the showing of a conspiracy, upon proof that client and attorney are involved in equal guilt. The attorney may be innocent, and still the guilty client must let the truth come out.

*Clark v. United States*, 289 U.S. 1, 15, 53 S. Ct. 465, 77 L. Ed. 993 (1933).

Thus, the apparent propriety of Counsel for Defendant City's conduct alone is immaterial. The fact that the email communications prompted Defendant Bennett to complete a supplemental report, which Plaintiffs' evidence shows was false, *see* doc. 137 at 8, and which both he and Defendant City would ultimately use to defend against Plaintiffs' claims, was enough to destroy the privilege. Accordingly, Defendant City "must let the truth come out." *Id*.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court reconsider its Order denying Plaintiffs' motion to compel and issue an order compelling Defendant City to produce the emails at issue in an unredacted form, and for such other and further relief, including

attorney's fees and the costs of pursuing Plaintiffs' motion to compel, that the Court may deem appropriate in these circumstances.

        Respectfully submitted,

        RIGGS, ABNEY, NEAL, TURPEN,
         ORBISON & LEWIS, P.C.

        s/Damario Solomon-Simmons
        Damario Solomon-Simmons, OBA # 20340
        Kymberli J. M. Heckenkemper, OBA # 33524
        502 West 6th Street
        Tulsa, Oklahoma 74119
        (918) 587-3161—Office
        (918) 587-9708—Fax
        dsimmons@riggsabney.com
        kheckenkemper@riggsabney.com

        -and-

        Melvin C. Hall, OBA # 3728
        528 NW 12th Street
        Oklahoma City, OK 73103
        (405) 843-9909—Office
        (405) 842-2913—Fax
        mhall@riggsabney.com

        -and-

        PARKS & CRUMP, LLC

        Benjamin L. Crump, FL Bar # 72583
        122 South Calhoun Street
        Tallahassee, FL 32301
        bcrump@parkscrump.com

        *Attorneys for Plaintiffs Ligons, Hill,*
        *Johnson, Morris & Lyles*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 22, 2019, I filed the above document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

s/Damario Solomon-Simmons