**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

TABATHA BARNES, et al.,                  )
                                         )
            Plaintiffs,                  )
vs.                                      )          NO. CIV-16-0184-HE
                                         )
CITY OF OKLAHOMA CITY, et al.            )
                                         )
            Defendants.                  )

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

SHERRY ELLIS, et al.,                    )
                                         )
            Plaintiffs,                  )
vs.                                      )          NO. CIV-16-0019-HE
                                         )
DANIEL HOLTZCLAW, et al.,                )
                                         )
            Defendants.                  )

## PLAINTIFFS' FINAL LIST OF WITNESSES

Pursuant to the Revised Scheduling Orders entered in August of 2019 [Docs. 205 (CIV-16-0184-HE), 83 (CIV-16-0019-HE)], Plaintiffs Regina Copeland, Shardayreon Hill, Carla Johnson, Jannie Ligons, Kala Lyles, and Terri Morris submit their final list of witnesses:

| No. | Witness | Anticipated Subjects of Testimony and/or Knowledge |
|-----|---------|---------------------------------------------------|
| 1. | **Plaintiff Jannie Ligons** c/o counsel of record | • Facts and circumstances surrounding her encounter with Defendant Holtzclaw on June 18, 2014 and the ensuing investigation thereof; <br> • Facts and circumstances surrounding the trauma she has experienced as a result of her encounter with Defendant Holtzclaw on June 18, 2014. |
| 2. | Marissa Ligons | • Daughter of Plaintiff Jannie Ligons |

| | c/o Plaintiff Ligons' counsel of record | • Facts and circumstances surrounding Plaintiff Ligons' encounter with Defendant Holtzclaw on June 18, 2014, and the ensuing report and investigation thereof;<br>• Facts and circumstances surrounding the trauma Plaintiff Ligons has experienced as a result of her encounter with Defendant Holtzclaw on June 18, 2014. |
|---|---|---|
| 3. | Richard Long<br>c/o Plaintiff Ligons' counsel of record | • Then-boyfriend of Plaintiff Jannie Ligons.<br>• Facts and circumstances surrounding Plaintiff Ligons' encounter with Defendant Holtzclaw on June 18, 2014, and the ensuing report and investigation thereof;<br>• Facts and circumstances surrounding the trauma Plaintiff Ligons has experienced as a result of her encounter with Defendant Holtzclaw on June 18, 2014. |
| 4. | Rickey Christopher<br>c/o Plaintiff Ligons' counsel of record | • Friend of Plaintiff Jannie Ligons.<br>• Facts and circumstances surrounding Plaintiff Ligons' encounter with Defendant Holtzclaw on June 18, 2014, and the ensuing report and investigation thereof. |
| 5. | Francis Carter<br>c/o Plaintiff Ligons' counsel of record | • Aunt of Plaintiff Jannie Ligons.<br>• Facts and circumstances surrounding Plaintiff Ligons' encounter with Defendant Holtzclaw on June 18, 2014, and the ensuing report and investigation thereof. |
| 6. | Edna Johnson<br>c/o Plaintiff Ligons' counsel of record | • Sister of Plaintiff Jannie Ligons.<br>• Facts and circumstances surrounding Plaintiff Ligons' encounter with Defendant Holtzclaw on June 18, 2014, and the ensuing report and investigation thereof. |
| 7. | McCurtis Cole<br>c/o Plaintiff Ligons' counsel of record | • Friend of Plaintiff Jannie Ligons.<br>• Facts and circumstances surrounding Plaintiff Ligons' actions prior to her encounter with Defendant Holtzclaw on June 18, 2014. |
| 8. | Diane (unknown last name)<br>c/o Plaintiff Ligons' counsel of record | • Friend of Plaintiff Jannie Ligons.<br>• Facts and circumstances surrounding Plaintiff Ligons' actions prior to her encounter with Defendant Holtzclaw on June 18, 2014. |
| 9. | Officer Anthony Carter<br>c/o counsel for Defendant City | • Relative of Plaintiff Jannie Ligons and Officer of the OCPD on the night Plaintiff Ligons reported to |

| | | |
|---|---|---|
| | | police her encounter with Defendant Holtzclaw on June 18, 2014; |
| | | • Facts and circumstances surrounding Plaintiff Ligons' encounter with Defendant Holtzclaw on June 18, 2014, and the ensuing report and investigation thereof; |
| | | • Facts and circumstances communicated to him surrounding fears of the Ligons family that there would be a cover-up. |
| 10. | Officer Wesley Booth c/o counsel for Defendant City | • OCPD officer flagged down by Plaintiff Ligons after her encounter with Defendant Holtzclaw on June 18, 2014; |
| | | • Facts and circumstances regarding Plaintiff Ligons' initial statements and demeanor toward police; |
| | | • Facts and circumstances surrounding the initial steps in the investigation into Plaintiff Ligons' allegations made against an OCPD officer on June 18, 2014. |
| 11. | Officer David Wegner c/o counsel for Defendant City | • OCPD officer flagged down by Plaintiff Ligons after her encounter with Defendant Holtzclaw on June 18, 2014; |
| | | • Facts and circumstances regarding Plaintiff Ligons' initial statements and demeanor toward police; |
| | | • Facts and circumstances surrounding the initial steps in the investigation into Plaintiff Ligons' allegations made against an OCPD officer on June 18, 2014. |
| 12. | Officer Kelly Cassidy c/o counsel for Defendant City | • OCPD officer flagged down by Plaintiff Ligons after her encounter with Defendant Holtzclaw on June 18, 2014; |
| | | • Facts and circumstances regarding Plaintiff Ligons' initial statements and demeanor toward police; |
| | | • Facts and circumstances surrounding the initial steps in the investigation into Plaintiff Ligons' allegations made against an OCPD officer on June 18, 2014. |
| 13. | Lieutenant David Gulikers c/o counsel for Defendant City | • On-call sex crimes detective on June 18, 2014; |
| | | • Facts and circumstances regarding notifications made of Plaintiff Ligons' report to OCPD of her |

| | | |
|---|---|---|
| | | • encounter with Defendant Holtzclaw on June 18, 2014;<br>• Facts and circumstances regarding the investigation into Plaintiff Ligons' encounter with Defendant Holtzclaw on June 18, 2014. |
| 14. | Tracy McCroye<br>c/o Southwest Medical Center<br>4401 S. Western<br>Oklahoma City, OK 73109 | • SANE Nurse who performed SANE exam on Plaintiff Ligons on June 18, 2014.<br>• Facts and circumstances surrounding Plaintiff Ligons' visit to Southwest Medical Center on June 18, 2014, including but not limited to her actual SANE exam. |
| 15. | Ashley Argo<br>c/o counsel for Defendant City | • OCPD employee who collected rape kit taken from Plaintiff Ligons.<br>• Facts and circumstances regarding the investigation into Plaintiff Ligons' encounter with Defendant Holtzclaw on June 18, 2014, including but not limited to the rape kit taken from Southwest Medical Center. |
| 16. | Officer Bryan Taylor<br>c/o counsel for Defendant City | • OCPD officer involved in the investigation into Plaintiff Ligons' encounter with Defendant Holtzclaw on June 18, 2014;<br>• Facts and circumstances regarding the investigation into Plaintiff Ligons' encounter with Defendant Holtzclaw on June 18, 2014, including but not limited to surveillance footage of the traffic stop involving Defendant Holtzclaw and Plaintiff Ligons. |
| 17. | Michael Stoyanoski<br>c/o counsel for Defendant City | • OCPD Computer Science Unit<br>• Facts and circumstances regarding the investigation into Plaintiff Ligons' encounter with Defendant Holtzclaw on June 18, 2014, including but not limited to surveillance footage of the traffic stop involving Defendant Holtzclaw and Plaintiff Ligons. |
| 18. | Officer Justin Walters<br>c/o counsel for Defendant City | • Off-duty OCPD officer at Old Surety Insurance who provided video surveillance of the traffic stop;<br>• Facts and circumstances regarding Plaintiff Ligons' encounter with Defendant Holtzclaw on June 18, 2014, and the ensuing investigation thereof, including but not limited to surveillance footage of the traffic stop involving Defendant Holtzclaw and Plaintiff Ligons. |

| 19. | David Wyckoff<br>c/o Old Surety Insurance<br>5201 N. Lincoln Blvd.<br>Oklahoma City, OK 73105 | • Old Surety Insurance custodian of records<br>• Facts and circumstances regarding the surveillance footage of the traffic stop involving Defendant Holtzclaw and Plaintiff Ligons on June 18, 2014 |
|---|---|---|
| 20. | Caleb Taulbee<br>c/o Association of Oklahoma Commissioners<br>429 N.E. 50th St., 3rd Floor<br>Oklahoma City, OK 73105 | • Security/technical custodian of records for Association of Oklahoma Commissioners<br>• Facts and circumstances regarding the surveillance footage of the traffic stop involving Defendant Holtzclaw and Plaintiff Ligons on June 18, 2014 |
| 21. | Alan Salmon<br>c/o Oklahoma State Bureau of Investigation ("OSBI")<br>6600 N. Harvey Pl.<br>Oklahoma City, OK 73116 | • OSBI technical analyst<br>• Training/experience/education/expertise regarding enhancement of video surveillance;<br>• Facts and circumstances regarding the surveillance footage of the traffic stop involving Defendant Holtzclaw and Plaintiff Ligons on June 18, 2014. |
| 22. | Chelsea Gordon<br>c/o counsel for Defendant City | • OCPD CSI<br>• Training/experience/education/expertise regarding CSI<br>• Facts and circumstances surrounding processing of evidence collected from Defendant Holtzclaw and his vehicle on or after June 18, 2014. |
| 23. | Michael McBride<br>c/o counsel for Defendant City | • OCPD CSI<br>• Training/experience/education/expertise regarding CSI<br>• Facts and circumstances surrounding processing of evidence collected from Defendant Holtzclaw, including but not limited to his patrol car, guns, and phone, on or after June 18, 2014. |
| 24. | **Plaintiff Regina Copeland**<br>c/o counsel of record | • Facts and circumstances surrounding her encounter with Defendant Holtzclaw in April of 2014, and the ensuing investigation thereof;<br>• Facts and circumstances surrounding the trauma she has experienced as a result of her encounter with Defendant Holtzclaw in April of 2014. |
| 25. | John Copeland<br>c/o Plaintiff Copeland's counsel of record | • Brother of Plaintiff Copeland.<br>• Facts and circumstances regarding Plaintiff Copeland's disclosure about her encounter with Defendant Holtzclaw in April of 2014 prior to the time when OCPD detectives approached Plaintiff Copeland. |
| 26. | Mollie Copeland | • Sister-in-law of Plaintiff Copeland. |

| | c/o Plaintiff Copeland's counsel of record | • Facts and circumstances regarding Plaintiff Copeland's disclosure about her encounter with Defendant Holtzclaw in April of 2014 prior to the time when OCPD detectives approached Plaintiff Copeland. |
|---|---|---|
| 27. | David Copeland c/o Plaintiff Copeland's counsel of record | • Brother of Plaintiff Copeland<br>• Facts and circumstances regarding Plaintiff Copeland's disclosure about her encounter with Defendant Holtzclaw in April of 2014 prior to the time when OCPD detectives approached Plaintiff Copeland. |
| 28. | Tammy Summers c/o Plaintiff Copeland's counsel of record | • Relative of Plaintiff Copeland<br>• Facts and circumstances surrounding Plaintiff Copeland's actions on the day of her encounter with Defendant Holtzclaw in April of 2014. |
| 29. | Quinton Nolen c/o Plaintiff Copeland's counsel of record | • Relative/former son-in-law of Plaintiff Copeland.<br>• Facts and circumstances surrounding Plaintiff Copeland's encounter with Defendant Holtzclaw on in April of 2014, and the ensuing report and investigation thereof. |
| 30. | **Plaintiff Carla Johnson** c/o counsel of record | • Facts and circumstances surrounding her encounters with Defendant Holtzclaw in 2014, and the ensuing investigation thereof;<br>• Facts and circumstances surrounding the trauma she has experienced as a result of her encounter with Defendant Holtzclaw in May of 2014. |
| 31. | Victor Wilson c/o Plaintiff Johnson's counsel of record | • Former roommate of Plaintiff Johnson.<br>• Facts and circumstances surrounding Plaintiff Johnson's encounters with Defendant Holtzclaw in 2014, and the ensuing investigation thereof. |
| 32. | Russell Adams c/o Plaintiff Johnson's counsel of record | • Friend of Plaintiff Johnson.<br>• Facts and circumstances surrounding Plaintiff Johnson's encounters with Defendant Holtzclaw in 2014, and the ensuing investigation thereof. |
| 33. | T.J. Slaughter c/o Plaintiff Johnson's counsel of record | • Father of Plaintiff Johnson's child.<br>• Facts and circumstances surrounding Plaintiff Johnson's encounters with Defendant Holtzclaw in 2014, and the ensuing investigation thereof. |
| 34. | Denduza Yeiro c/o Plaintiff Johnson's counsel of record | • Friend of Plaintiff Johnson. |

| | | |
|---|---|---|
| | | • Facts and circumstances surrounding Plaintiff Johnson's encounters with Defendant Holtzclaw in 2014, and the ensuing investigation thereof. |
| 35. | **Plaintiff Shardayreon Hill**<br>c/o counsel of record | • Facts and circumstances surrounding her encounters with Defendant Holtzclaw in December 2013 through January of 2014, and the ensuing investigation thereof;<br>• Facts and circumstances surrounding the trauma she has experienced as a result of her encounters with Defendant Holtzclaw in December of 2013 and January of 2014. |
| 36. | Jonaye Stafford<br>c/o Plaintiff Hill's counsel of record | • Friend of Plaintiff Hill.<br>• Facts and circumstances surrounding Plaintiff Hill's encounters with Defendant Holtzclaw in December 2013 through January of 2014, and the ensuing investigation thereof. |
| 37. | Latanya James<br>c/o Plaintiff Hill's counsel of record | • Mother of Plaintiff Hill.<br>• Facts and circumstances surrounding Plaintiff Hill's encounters with Defendant Holtzclaw in December 2013 through January of 2014, and the ensuing investigation thereof;<br>• Facts and circumstances surrounding the trauma Plaintiff Hill has experienced as a result of her encounters with Defendant Holtzclaw in December of 2013 and January of 2014. |
| 38. | Sharmarreon Hill<br>c/o Plaintiff Hill's counsel of record | • Sister of Plaintiff Hill.<br>• Facts and circumstances surrounding Plaintiff Hill's encounters with Defendant Holtzclaw in December 2013 through January of 2014, and the ensuing investigation thereof;<br>• Facts and circumstances surrounding the trauma Plaintiff Hill has experienced as a result of her encounters with Defendant Holtzclaw in December of 2013 and January of 2014. |
| 39. | Tammy Dornan<br>c/o counsel for Defendant City | • OCPD Warrant Court Officer<br>• Facts and circumstances surrounding Defendant Holtzclaw's booking Plaintiff Hill into jail on December 20, 2013. |
| 40. | Byron Boshell<br>c/o Southwest Medical Center<br>4401 S. Western<br>Oklahoma City, OK 73109 | • Public Safety at Southwest Medical Center.<br>• Facts and circumstances surrounding the investigation into Plaintiff Hill's encounter with |

| | | |
|---|---|---|
| | | Defendant Holtzclaw at Southwest Medical Center in December of 2013. |
| 41. | Officer Allan Cruz<br>c/o counsel for Defendant City | • OCPD officer involved in the traffic stop of Plaintiff Hill on December 20, 2013.<br>• Facts and circumstances surrounding the traffic stop and arrest of Plaintiff Hill. |
| 42. | Officer Ashley Zeckser<br>c/o counsel for Defendant City | • OCPD officer involved in the traffic stop of Plaintiff Hill on December 20, 2013.<br>• Facts and circumstances surrounding the traffic stop and arrest of Plaintiff Hill. |
| 43. | Captain Arthur Gregory<br>c/o counsel for Defendant City | • Defendant Holtzclaw's supervisor on December 20, 2013;<br>• Facts and circumstances surrounding the traffic stop and arrest of Plaintiff Hill. |
| 44. | Leroy Limke<br>c/o Emergency Medical Services Authority ("EMSA")<br>1111 Classen Drive<br>Oklahoma City, OK 73103 | • Paramedic who treated Plaintiff Hill after her arrest on December 20, 2013<br>• Facts and circumstances regarding Plaintiff Hill's encounter with Defendant Holtzclaw on December 20, 2013. |
| 45. | Blake Schweltzer<br>c/o Emergency Medical Services Authority ("EMSA")<br>1111 Classen Drive<br>Oklahoma City, OK 73103 | • Paramedic who treated Plaintiff Hill after her arrest on December 20, 2013<br>• Facts and circumstances regarding Plaintiff Hill's encounter with Defendant Holtzclaw on December 20, 2013. |
| 46. | Richard Watkins<br>c/o Southwest Medical Center<br>4401 S. Western<br>Oklahoma City, OK 73109 | • Registered Nurse at Southwest Medical Center involved in the treatment of Plaintiff Hill on December 20, 2013<br>• Facts and circumstances surrounding Plaintiff Hill's visit to Southwest Medical Center on December 20, 2013. |
| 47. | Jamie Hong<br>c/o Southwest Medical Center<br>4401 S. Western<br>Oklahoma City, OK 73109 | • Registered Nurse at Southwest Medical Center involved in the treatment of Plaintiff Hill on December 20, 2013<br>• Facts and circumstances surrounding Plaintiff Hill's visit to Southwest Medical Center on December 20, 2013. |
| 48. | Chantel Robinson<br>c/o Southwest Medical Center<br>4401 S. Western<br>Oklahoma City, OK 73109 | • Admitting clerk at Southwest Medical Center who admitted Plaintiff Hill on December 20, 2013<br>• Facts and circumstances surrounding Plaintiff Hill's visit to Southwest Medical Center on December 20, 2013. |

| 49. | Dr. Kristopher Hart<br>c/o Southwest Medical Center<br>4401 S. Western<br>Oklahoma City, OK 73109 | • Physician at Southwest Medical Center involved in the treatment of Plaintiff Hill on December 20, 2013<br>• Facts and circumstances surrounding Plaintiff Hill's visit to Southwest Medical Center on December 20, 2013. |
|---|---|---|
| 50. | Andrew Kerstetter<br>c/o Federal Bureau of Investigation ("FBI")<br>3301 W. Memorial Rd.<br>Oklahoma City, OK 73134 | • Training/experience/expertise regarding cell phone records and tower data;<br>• Facts and circumstances regarding his analysis of Defendant Holtzclaw's phone records and the tower Defendant Holtzclaw's phone was connecting to during contact with Plaintiff Hill. |
| 51. | **Plaintiff Kala Lyles**<br>c/o counsel of record | • Facts and circumstances surrounding her encounter with Defendant Holtzclaw on June 18, 2014 and the ensuing investigation thereof;<br>• Facts and circumstances surrounding the trauma she has experienced as a result of her encounter with Defendant Holtzclaw in on June 18, 2014. |
| 52. | James Anderson<br>c/o Plaintiff Lyles' counsel of record | • Then-boyfriend of Plaintiff Lyles.<br>• Facts and circumstances surrounding Plaintiff Lyles' encounter with Defendant Holtzclaw on June 18, 2014, and the ensuing investigation thereof;<br>• Facts and circumstances surrounding the trauma Plaintiff Lyles has experienced as a result of her encounter with Defendant Holtzclaw on June 18, 2014. |
| 53. | Sylvia Lyles<br>c/o Plaintiff Lyles' counsel of record | • Mother of Plaintiff Lyles.<br>• Facts and circumstances surrounding Plaintiff Lyles' encounter with Defendant Holtzclaw on June 18, 2014, and the ensuing investigation thereof;<br>• Facts and circumstances surrounding the trauma Plaintiff Lyles has experienced as a result of her encounter with Defendant Holtzclaw on June 18, 2014. |
| 54. | Jack Boling<br>c/o Plaintiff Lyles' counsel of record | • Plaintiff Lyles' probation officer.<br>• Facts and circumstances surrounding Plaintiff Lyles' disclosure of her encounter with Defendant Holtzclaw on June 18, 2014, and the ensuing investigation thereof. |

| 55. | **Plaintiff Terri Morris**<br>c/o counsel of record | • Facts and circumstances surrounding her encounter with Defendant Holtzclaw in May of 2014;<br>• Facts and circumstances surrounding the trauma she has experienced as a result of her encounter with Defendant Holtzclaw in May of 2014;<br>• Facts and circumstances surrounding OCPD's investigation into her encounter with Defendant Holtzclaw in May of 2014;<br>• Facts and circumstances surrounding the report and description of her assailant that she gave to OCPD officers on May 24, 2014;<br>• Facts and circumstances surrounding all statements she made to OCPD detectives regarding the encounter she had with Defendant Holtzclaw. |
|---|---|---|
| 56. | Christopher Shelton<br>c/o Plaintiff Morris' counsel of record | • Ex-boyfriend of Plaintiff Morris.<br>• Facts and circumstances surrounding Plaintiff Morris' encounter with Defendant Holtzclaw in May of 2014;<br>• Facts and circumstances surrounding his interview with Defendant Rocky Gregory in May of 2014;<br>• Facts and circumstances surrounding the report and description of her assailant that Plaintiff Morris gave to OCPD officers on May 24, 2014. |
| 57. | Terry Wayne Lewis<br>c/o Plaintiff Morris' counsel of record | • Uncle of Plaintiff Morris.<br>• Facts and circumstances surrounding Plaintiff Morris' encounter with Defendant Holtzclaw in May of 2014. |
| 58. | Officer Jonathan Thomas<br>c/o counsel for Defendant City | • OCPD officer present when Plaintiff Morris initially reported her encounter with Defendant Holtzclaw to police on May 24, 2014.<br>• Facts and circumstances surrounding the report and description of her assailant that Plaintiff Morris gave to OCPD officers on May 24, 2014. |
| 59. | Sergeant Dan Williams<br>c/o counsel for Defendant City | • OCPD officer present when Plaintiff Morris initially reported her encounter with Defendant Holtzclaw to police on May 24, 2014.<br>• Facts and circumstances surrounding the report and description of her assailant that Plaintiff Morris gave to OCPD officers on May 24, 2014. |
| 60. | Lieutenant Michelle Holland<br>c/o counsel for Defendant City | • OCPD supervisor called to the scene when Plaintiff Morris initially reported her encounter with Defendant Holtzclaw to police on May 24, 2014. |

| | | |
|---|---|---|
| | | • Facts and circumstances surrounding the report and description of her assailant that Plaintiff Morris gave to OCPD officers on May 24, 2014;<br>• Facts and circumstances surrounding notification made to on-call sex crimes supervisor and watch commander when Plaintiff Morris reported, and the decision not to call out a detective. |
| 61. | Lieutenant Miguel Ramos<br>c/o counsel for Defendant City | • On-call sex crimes supervisor on May 24, 2014, when Plaintiff Morris first reported her encounter with Defendant Holtzclaw to police.<br>• Facts and circumstances regarding the notification by the patrol supervisor regarding Plaintiff Morris' report and his decision not to call out a sex crimes detective. |
| 62. | Captain Melvin Davis<br>c/o counsel for Defendant City | • Watch Commander on May 24, 2014, when Plaintiff Morris first reported her encounter with Defendant Holtzclaw to police.<br>• Facts and circumstances regarding notifications made of Plaintiff Morris' report. |
| 63. | Defendant Rocky Gregory<br>c/o counsel for Defendant City | • OCPD detective assigned to investigate Plaintiff Morris' report regarding her encounter with Defendant Holtzclaw in May of 2014.<br>• Training and experience relevant to his role as an OCPD officer and sex crimes detective<br>• Facts and circumstances surrounding the investigation into Plaintiff Morris' report;<br>• Facts and circumstances surrounding the lineup Defendant Gregory attempted to show Plaintiff Morris on June 3, 2014;<br>• Facts and circumstances surrounding the OCPD records checks performed between May 27, 2014 and June 3, 2014 in connection with the investigation into Plaintiff Morris' report regarding her encounter with Defendant Holtzclaw in May of 2014;<br>• Facts and circumstances surrounding the investigation into Plaintiff Ligons' report regarding her encounter with Defendant Holtzclaw in June of 2014;<br>• Facts and circumstances surrounding the OCPD investigation(s) into the conduct forming the basis of Plaintiffs' claims; |

| | | |
|---|---|---|
| | | • Topics testified to during deposition in this case. |
| 64. | Lieutenant Timothy Muzny<br>c/o counsel for Defendant City | • OCPD Sex Crimes Unit supervisor in May and June of 2014<br>• Training and experience relevant to his role as an OCPD officer and sex crimes unit supervisor;<br>• Facts and circumstances surrounding the investigation into Plaintiff Morris' report regarding her encounter with Defendant Holtzclaw in May of 2014;<br>• Facts and circumstances surrounding the lineup Defendant Gregory attempted to show Plaintiff Morris on June 3, 2014;<br>• Facts and circumstances surrounding the OCPD records checks performed between May 27, 2014 and June 3, 2014 in connection with the investigation into Plaintiff Morris' report regarding her encounter with Defendant Holtzclaw in May of 2014;<br>• Facts and circumstances surrounding the investigation into Plaintiff Ligons' report regarding her encounter with Defendant Holtzclaw in June of 2014;<br>• Topics testified to during deposition in this case. |
| 65. | Captain Ron Bacy<br>c/o counsel for Defendant City | • Captain within the OCPD Investigations Bureau and over the Sex Crimes Unit in May and June of 2014<br>• Training and experience relevant to his role as an OCPD officer and Investigations Bureau supervisor over the Sex Crimes Unit<br>• Facts and circumstances surrounding the investigation into Plaintiff Morris' report regarding her encounter with Defendant Holtzclaw in May of 2014;<br>• Facts and circumstances surrounding the OCPD records checks performed between May 27, 2014 and June 3, 2014 in connection with the investigation into Plaintiff Morris' report regarding her encounter with Defendant Holtzclaw in May of 2014;<br>• Facts and circumstances surrounding the failure to call out a detective when Plaintiff Morris reported |

| | | |
|---|---|---|
| | | her encounter with Defendant Holtzclaw to OCPD officers on May 24, 2014;<br>• Facts and circumstances surrounding the decision to wait to begin the investigation into Plaintiff Morris' report until after the Memorial Day weekend;<br>• Facts and circumstances surrounding the investigation into Plaintiff Ligons' report regarding her encounter with Defendant Holtzclaw in June of 2014;<br>• Topics testified to during deposition in this case. |
| 66. | Sergeant Joseph Hill<br>c/o counsel for Defendant City | • OCPD employee involved in the investigation into Plaintiffs' reports of being sexually assaulted by an OCPD police officer<br>• Training and experience relevant to his role within the OCPD as of May and June of 2014;<br>• Facts and circumstances surrounding the investigation into Plaintiff Morris' report regarding her encounter with Defendant Holtzclaw in May of 2014;<br>• Facts and circumstances surrounding the OCPD records checks performed between May 27, 2014 and June 3, 2014 in connection with the investigation into Plaintiff Morris' report regarding her encounter with Defendant Holtzclaw in May of 2014;<br>• Facts and circumstances surrounding the investigation into Plaintiff Ligons' report regarding her encounter with Defendant Holtzclaw in June of 2014;<br>• Facts and circumstances surrounding, and OCPD policies and procedures regarding, the OCPD records checks relevant to Plaintiffs' claims;<br>• OCPD training, policies, procedures, and practices involving the CAD system, AVL system, radio traffic system, and calls/requests made by Defendant Holtzclaw, 2C45, on the dates and times in question in this case;<br>• Mechanics of the AVL system;<br>• Mechanics of the CAD system;<br>• CIU division systems and processes. |

| 67. | Major Denise Wenzel<br>c/o counsel for Defendant City | <ul><li>Major over the Investigations Bureau in May and June of 2014</li><li>Training and experience relevant to her roles within the OCPD Investigations Bureau;</li><li>Facts and circumstances surrounding her relationship and/or familiarity with Defendant Holtzclaw prior to the OCPD Sex Crimes Unit's investigation into Plaintiffs' reports to OCPD of their encounters with Defendant Holtzclaw;</li><li>Facts and circumstances surrounding the investigation into Plaintiff Morris' report regarding her encounter with Defendant Holtzclaw in May of 2014;</li><li>Facts and circumstances surrounding the OCPD records checks performed between May 27, 2014 and June 3, 2014 in connection with the investigation into Plaintiff Morris' report regarding her encounter with Defendant Holtzclaw in May of 2014;</li><li>Facts and circumstances surrounding the failure to call out a detective when Plaintiff Morris reported her encounter with Defendant Holtzclaw to OCPD officers on May 24, 2014;</li><li>Facts and circumstances surrounding the decision to wait to begin the investigation into Plaintiff Morris' report until after the Memorial Day weekend;</li><li>Facts and circumstances surrounding the investigation into Plaintiff Ligons' report regarding her encounter with Defendant Holtzclaw in June of 2014;</li><li>Facts and circumstances surrounding the OCPD Screening Committee's reviews of investigations of uses of force, including those involving Defendant Holtzclaw;</li><li>Topics testified to during deposition in this case.</li></ul> |
| --- | --- | --- |
| 68. | Former Deputy Chief Johnny Kuhlman<br>c/o counsel for Defendant City | <ul><li>Deputy Chief over the OCPD Investigations Bureau in May and June of 2014</li><li>Training and experience relevant to his roles within the OCPD;</li><li>Facts and circumstances surrounding the investigation into Plaintiff Morris' report regarding</li></ul> |

| | | |
|---|---|---|
| | | her encounter with Defendant Holtzclaw in May of 2014; |
| | | • Facts and circumstances surrounding the OCPD records checks performed between May 27, 2014 and June 3, 2014 in connection with the investigation into Plaintiff Morris' report regarding her encounter with Defendant Holtzclaw in May of 2014; |
| | | • Facts and circumstances surrounding the failure to call out a detective when Plaintiff Morris reported her encounter with Defendant Holtzclaw to OCPD officers on May 24, 2014; |
| | | • Facts and circumstances surrounding the decision to wait to begin the investigation into Plaintiff Morris' report until after the Memorial Day weekend; |
| | | • Facts and circumstances surrounding the investigation into Plaintiff Ligons' report regarding her encounter with Defendant Holtzclaw in June of 2014; |
| | | • Topics testified to during deposition in this case. |
| 69. | Defendant Bill Citty c/o counsel for Defendant City | • OCPD Police Chief in office during Defendant Holtzclaw's employment at OCPD; |
| | | • OCPD training, policies, procedures, and practices relevant to Plaintiffs' claims, including, but not limited to, personnel investigations, use-of-force, racial profiling, racial discrimination, sex crimes investigations, search and seizure, stop-and-frisk, patrol, performance evaluations, the Early Intervention Program, the Screening Committee, OCPD discipline, etc. |
| | | • Facts and circumstances surrounding the investigation into Plaintiff Morris' report regarding her encounter with Defendant Holtzclaw in May of 2014; |
| | | • OCPD training, policies, procedures, and practices relevant to, and facts and circumstances surrounding, personnel investigations relevant to Plaintiffs' claims; |
| | | • OCPD training, policies, procedures, and practices relevant to, and facts and circumstances |

| | | |
|---|---|---|
| | | surrounding, discipline of officers for conduct similar to conduct alleged in Plaintiffs' claims;<br>• Topics testified to during deposition (yet to be conducted) in this case. |
| 70. | Captain Arthur Gregory<br>c/o counsel for Defendant City | • One of Defendant Holtzclaw's regular supervisors.<br>• Training and experience relevant to his role as an OCPD officer and patrol supervisor;<br>• Facts and circumstances regarding supervision of Defendant Holtzclaw;<br>• OCPD policies, procedures, and practices relevant to, and facts and circumstances regarding, citizen complaints against subordinate officers;<br>• Facts and circumstances surrounding Defendant Holtzclaw's involvement in the OCPD Early Intervention Program;<br>• Facts and circumstances surrounding personnel investigations involving Defendant Holtzclaw;<br>• Defendant Holtzclaw was working on April 25, 2014, at the time Plaintiff Copeland was assaulted by the officer identified as Defendant Holtzclaw;<br>• Defendant Holtzclaw was working on April 14, 2014, at the time Florene Mathis was assaulted by the officer identified as Defendant Holtzclaw;<br>• Topics testified to during deposition in this case. |
| 71. | Lieutenant Aven Bull<br>c/o counsel for Defendant City | • One of Defendant Holtzclaw's regular supervisors.<br>• Training and experience relevant to his role as an OCPD officer and patrol supervisor;<br>• Facts and circumstances regarding supervision of Defendant Holtzclaw;<br>• OCPD policies, procedures, and practices relevant to, and facts and circumstances regarding, citizen complaints against subordinate officers;<br>• Facts and circumstances surrounding Defendant Holtzclaw's involvement in the OCPD Early Intervention Program;<br>• Facts and circumstances surrounding personnel investigations involving Defendant Holtzclaw;<br>• Defendant Holtzclaw was working on May 25, 2014, when Plaintiff Johnson was assaulted by the officer identified as Defendant Holtzclaw. |
| 72. | Lieutenant Robert Coniglione<br>c/o counsel for Defendant City | • One of Defendant Holtzclaw's regular supervisors. |

| | | |
|---|---|---|
| | | • Training and experience relevant to his role as an OCPD officer and gang enforcement unit supervisor;<br>• Facts and circumstances regarding supervision of Defendant Holtzclaw;<br>• OCPD policies, procedures, and practices relevant to, and facts and circumstances regarding, citizen complaints against subordinate officers;<br>• Facts and circumstances surrounding Defendant Holtzclaw's involvement in the OCPD Early Intervention Program;<br>• Facts and circumstances surrounding personnel investigations involving Defendant Holtzclaw. |
| 73. | Inspector Kim Davis<br>c/o counsel for Defendant City | • OCPD detective assigned to investigate allegations against Defendant Holtzclaw<br>• Training and experience relevant to her role as an OCPD officer and sex crimes detective.<br>• Facts and circumstances surrounding the investigation into Plaintiff Morris' report;<br>• Facts and circumstances surrounding the investigation into Plaintiff Ligons' report regarding her encounter with Defendant Holtzclaw in June of 2014;<br>• Facts and circumstances surrounding the OCPD investigation(s) into the conduct forming the basis of Plaintiffs' claims;<br>• Topics testified to during deposition in this case. |
| 74. | Detective Valari Homan<br>c/o counsel for Defendant City | • OCPD detective assigned to investigate allegations against Defendant Holtzclaw<br>• Training and experience relevant to her role as an OCPD officer and sex crimes detective.<br>• Facts and circumstances surrounding the investigation into Plaintiff Morris' report;<br>• Facts and circumstances surrounding the investigation into Plaintiff Ligons' report regarding her encounter with Defendant Holtzclaw in June of 2014;<br>• Facts and circumstances surrounding the OCPD investigation(s) into the conduct forming the basis of Plaintiffs' claims. |
| 75. | Detective Robert High<br>c/o counsel for Defendant City | • Academy supervisor. |

| | | |
|---|---|---|
| | | • OCPD training, policies, procedures regarding traffic stops, radio information, warrant checks, searches and seizures of suspects, and other aspects of policing that are relevant to Plaintiffs' claims. <br> • Facts and circumstances surrounding obtaining video surveillance footage of traffic stop involving Defendant Holtzclaw and Plaintiff Ligons; <br> • Facts and circumstances surrounding the OCPD investigation(s) into the conduct forming the basis of Plaintiffs' claims. |
| 76. | David Jehle <br> c/o counsel for Defendant City | • Researched OCPD contact records in connection with the investigation(s) into the conduct forming the basis of Plaintiffs' claims. <br> • Facts and circumstances surrounding the investigation(s) into the conduct forming the basis of Plaintiffs' claims. |
| 77. | Captain Jason Clifton <br> c/o counsel for Defendant City | • OCPD Captain within the Springlake Division and in Defendant Holtzclaw's chain of command; <br> • Facts and circumstances regarding Holtzclaw's employment with and performance at OCPD; <br> • Defendant Holtzclaw was working at the time Plaintiff Morris was assaulted on May 8, 2014; <br> • Defendant Holtzclaw was working on February 26, 2014, and March 25, 2014, at the times Plaintiff Barnes encountered the officer identified as Defendant Holtzclaw. <br> • Defendant Holtzclaw was working on March 14, 2014 at the time Carla Raines was assaulted by the officer identified as Defendant Holtzclaw. |
| 78. | Lieutenant Brian Kyle Bennett <br> c/o Attorney Ambre Gooch | • OCPD patrol supervisor within the Springlake Division <br> • Training and experience relevant to his role as an OCPD officer and patrol supervisor; <br> • Facts and circumstances surrounding Defendant Holtzclaw's encounter with Demetria Campbell on November 5, 2013 and his reports and investigation thereof; <br> • Defendant Holtzclaw was working on May 20, 2014, when Syrita Bowen was assaulted by the officer identified as Defendant Holtzclaw; <br> • Topics testified to during deposition in this case. |
| 79. | Captain William Patten | • OCPD Captain within the Springlake Division |

| | | |
|---|---|---|
| | c/o counsel for Defendant City | • Training and experience relevant to his role as an OCPD officer and patrol captain;<br>• Familiarity with citizens who inhabit the Northeast side of OKC where Defendant Holtzclaw was a patrol officer and the majority of the Plaintiffs' assaults occurred;<br>• Facts and circumstances surrounding Defendant Holtzclaw's employment with OCPD<br>• Facts and circumstances regarding supervision of Defendant Holtzclaw;<br>• OCPD policies, procedures, and practices relevant to, and facts and circumstances regarding, citizen complaints against subordinate officers;<br>• Facts and circumstances surrounding Defendant Holtzclaw's involvement in the OCPD Early Intervention Program;<br>• Facts and circumstances surrounding personnel investigations involving Defendant Holtzclaw. |
| 80. | Major Brian Jennings<br>c/o counsel for Defendant City | • OCPD Major over the Springlake Division and among Defendant Holtzclaw's chain of command<br>• Training and experience relevant to his role as an OCPD officer and Operations Bureau major;<br>• Facts and circumstances surrounding Defendant Holtzclaw's employment with OCPD;<br>• Facts and circumstances regarding supervision of Defendant Holtzclaw;<br>• OCPD policies, procedures, and practices relevant to, and facts and circumstances regarding, citizen complaints against subordinate officers;<br>• Facts and circumstances surrounding Defendant Holtzclaw's involvement in the OCPD Early Intervention Program;<br>• Facts and circumstances surrounding personnel investigations involving Defendant Holtzclaw;<br>• Facts and circumstances surrounding the OCPD Screening Committee's reviews of investigations of uses of force, including those involving Defendant Holtzclaw;<br>• Topics testified to during deposition in this case. |
| 81. | Major Mike Hoskins<br>c/o counsel for Defendant City | • Former major over the Special Investigations Unit<br>• Facts and circumstances surrounding the OCPD Screening Committee's reviews of investigations |

| | | |
|---|---|---|
| | | of uses of force, including those involving Defendant Holtzclaw;<br>• Topics testified to during deposition in this case. |
| 82. | Deputy Chief Tom Jester<br>c/o counsel for Defendant City | • Deputy Chief over the OCPD Operations Bureau<br>• and among Defendant Holtzclaw's chain of command<br>• Training and experience relevant to his role as an OCPD officer and Operations Bureau Deputy Chief;<br>• Facts and circumstances surrounding Defendant Holtzclaw's employment with OCPD;<br>• Facts and circumstances regarding supervision of Defendant Holtzclaw;<br>• OCPD policies, procedures, and practices relevant to, and facts and circumstances regarding, citizen complaints against subordinate officers;<br>• Facts and circumstances surrounding Defendant Holtzclaw's involvement in the OCPD Early Intervention Program;<br>• Facts and circumstances surrounding personnel investigations involving Defendant Holtzclaw;<br>• Facts and circumstances surrounding the OCPD Screening Committee's reviews of investigations of uses of force, including those involving Defendant Holtzclaw. |
| 83. | Silvio Kimmel<br>c/o counsel for Defendant City | • OCPD training center/academy<br>• OCPD training, policies, procedures, and practices regarding traffic stops, radio information, warrant checks, searches and seizures of suspects, and other aspects of policing that are relevant to Plaintiffs' claims. |
| 84. | Becky Moynihan<br>c/o counsel for Defendant City | • OCPD secretary<br>• OCPD policies, procedures, and practices regarding maintaining and documenting field interviews;<br>• Facts and circumstances surrounding Defendant Holtzclaw's failure to fill out field interview cards in connection with his encounters with Plaintiffs and his other victims |
| 85. | Lieutenant Ryan Sorrels<br>c/o counsel for Defendant City | • OCPD patrol supervisor |

| | | |
|---|---|---|
| | | • Defendant Holtzclaw was working on April 24, 2014, when Rosetta Grate was assaulted by the officer identified as Defendant Holtzclaw.<br>• Defendant Holtzclaw was working on May 6, 2014, when Plaintiff Ellis was assaulted by the officer identified as Defendant Holtzclaw. |
| 86. | Captain Vance Allen<br>c/o counsel for Defendant City | • Facts and circumstances surrounding the administrative investigation into Defendant Holtzclaw's conduct giving rise to Plaintiffs' claims;<br>• Facts and circumstances surrounding the termination of Defendant Holtzclaw;<br>• OCPD training, policies, procedures, and practices relevant to personnel investigations and terminations. |
| 87. | Captain Bo Matthews<br>c/o counsel for Defendant City | • Facts and circumstances surrounding the administrative investigation into Defendant Holtzclaw's conduct giving rise to Plaintiffs' claims;<br>• Facts and circumstances surrounding the termination of Defendant Holtzclaw;<br>• OCPD training, policies, procedures, and practices relevant to personnel investigations and terminations. |
| 88. | **Plaintiff Tabatha Barnes**<br>c/o Attorney Cody Gilbert | • Facts and circumstances surrounding her encounters with Defendant Holtzclaw in February and March of 2014 and the subsequent investigation thereof. |
| 89. | All Plaintiff Barnes' witnesses not objected to by these Plaintiffs. | |
| 90. | **Plaintiff Sherry Ellis**<br>(CIV-16-0019-HE)<br>c/o Attorney Mark Hammons | • Facts and circumstances surrounding her encounter with Defendant Holtzclaw on or about May 7, 2014 and the subsequent investigation thereof. |
| 91. | All Plaintiff Ellis' witnesses not objected to by these Plaintiffs. | |
| 92. | **Plaintiff Carla Raines**<br>(CIV-16-0019-HE)<br>c/o Attorney Mark Hammons | • Facts and circumstances surrounding her encounter with Defendant Holtzclaw on or about March 14, 2014 and the subsequent investigation thereof. |

| | | |
|---|---|---|
| 93. | All Plaintiff Raines' witnesses not objected to by these Plaintiffs. | |
| 94. | **Plaintiff Adaira Gardner** (CIV-16-0349-HE) c/o Attorney Andrew Casey | • Facts and circumstances regarding her encounters with Defendant Holtzclaw on or about June 17, 2014 and the subsequent investigation thereof. |
| 95. | All Plaintiff Gardner's witnesses not objected to by these Plaintiffs. | |
| 96. | **Plaintiff Rosetta Grate** (CIV-16-0412-HE) c/o Attorney Nkem House | • Facts and circumstances regarding her encounter with Defendant Holtzclaw on or about April 24, 2014 and the subsequent investigation thereof. |
| 97. | All Plaintiff Grate's witnesses not objected to by these Plaintiffs. | |
| 98. | **Syrita Bowen** c/o Plaintiffs' counsel | • Facts and circumstances surrounding her encounter with Defendant Holtzclaw on or about May 21, 2014 and the subsequent investigation thereof. |
| 99. | Louise Bowen c/o Plaintiffs' counsel | • Mother of Syrita Bowen<br>• Facts and circumstances surrounding Ms. Bowen's encounter with Defendant Holtzclaw on or about May 21, 2014 and the subsequent investigation thereof. |
| 100. | Attorney Tony Coleman c/o Plaintiffs' counsel | • Former attorney of Ms. Bowen<br>• Facts and circumstances surrounding Ms. Bowen's encounter with Defendant Holtzclaw on or about May 21, 2014 and the subsequent investigation thereof. |
| 101. | Pastor Theodis Manning c/o Plaintiffs' counsel | • Minister<br>• Facts and circumstances surrounding Ms. Bowen's encounter with Defendant Holtzclaw on or about May 21, 2014 and the subsequent investigation thereof. |
| 102. | Leonard Cribbs c/o Plaintiffs' counsel | • Boyfriend of Ms. Bowen<br>• Facts and circumstances surrounding Ms. Bowen's encounter with Defendant Holtzclaw on or about May 21, 2014 and the subsequent investigation thereof. |
| 103. | Tina Mosley c/o Plaintiffs' counsel | • Facts and circumstances surrounding Ms. Bowen's encounter with Defendant Holtzclaw on or about May 21, 2014 and the subsequent investigation thereof. |

| 104. | **Florene Mathis** | • Facts and circumstances surrounding her encounter with Defendant Holtzclaw on or about April 14, 2014 and the subsequent investigation thereof |
|---|---|---|
| 105. | **Demetria Campbell** c/o Attorney Cynthia D'Antonio | • Facts and circumstances surrounding her encounter with Defendant Holtzclaw on November 5, 2013, and the subsequent investigation thereof;<br>• Facts and circumstances surrounding her complaint to Lieutenant Brian Kyle Bennett;<br>• Topics testified to during deposition in this case. |
| 106. | Sean Holly c/o counsel for Defendant City | • OCPD secretary – Springlake Division<br>• Facts and circumstances surrounding the call taken from Defendant Holtzclaw on May 8, 2014 as shown on the incident report of when Defendant Holtzclaw ran a records check on Plaintiff Morris. |
| 107. | Stephanie Alexander c/o counsel for Defendant City | • OCPD secretary – Springlake Division<br>• Facts and circumstances regarding Defendant Holtzclaw's failure to create a field interview card in connection with his encounter with Plaintiff Morris on or about May 8, 2014. |
| 108. | Ryan Boxwell c/o counsel for Defendant City | • OCPD supervisor<br>• OCPD policies, procedures, and practices regarding maintaining and documenting field interviews;<br>• Facts and circumstances surrounding Defendant Holtzclaw's failure to fill out field interview cards in connection with his encounters with Plaintiffs and his other victims |
| 109. | Alan Meyer c/o counsel for Defendant City | • Dispatch<br>• Facts and circumstances surrounding Defendant Holtzclaw's requests for records checks on Ms. Florene Mathis A.K.A. Lynn Gibson, as indicated on OCPD reports. |
| 110. | Amy Scott c/o counsel for Defendant City | • Dispatch<br>• Facts and circumstances surrounding Defendant Holtzclaw's requests for records checks on Plaintiff Copeland, Plaintiff Grate, Plaintiff Lyles, and Plaintiff Johnson, as indicated on OCPD reports. |
| 111. | Paula Overton c/o counsel for Defendant City | • Dispatch<br>• Facts and circumstances surrounding Defendant Holtzclaw's requests for records checks on |

| | | |
|---|---|---|
| | | Plaintiffs Ellis and Lyles, as indicated on OCPD reports. |
| 112. | Sharru Peteet<br>c/o counsel for Defendant City | • Dispatch<br>• Facts and circumstances surrounding Defendant Holtzclaw's requests for records checks on Ms. Florene Mathis A.K.A. Lynn Gibson, as indicated on OCPD reports. |
| 113. | Lucy Raines<br>c/o counsel for Defendant City | • Dispatch<br>• Facts and circumstances surrounding Defendant Holtzclaw's requests for records checks on Plaintiff Lyles, as indicated on OCPD reports. |
| 114. | Leslie Smith<br>c/o counsel for Defendant City | • Dispatch<br>• Facts and circumstances surrounding Defendant Holtzclaw's requests for records checks on Plaintiffs Gardner and Ellis, as indicated on OCPD reports. |
| 115. | Kim Hatcher<br>c/o counsel for Defendant City | • Dispatch<br>• Facts and circumstances surrounding Defendant Holtzclaw's requests for records checks on Plaintiff Johnson, as indicated on OCPD reports. |
| 116. | Loretta McGrath<br>c/o counsel for Defendant City | • Dispatch<br>• Facts and circumstances surrounding Defendant Holtzclaw's requests for records checks on Ms. Syrita Bowen, as indicated on OCPD reports. |
| 117. | Janet Mansfield<br>c/o counsel for Defendant City | • Dispatch<br>• Facts and circumstances surrounding Defendant Holtzclaw's records checks on his victims, as indicated on OCPD reports. |
| 118. | Melisa Willis<br>c/o counsel for Defendant City | • Dispatch<br>• Facts and circumstances surrounding Defendant Holtzclaw's records checks on his victims, as indicated on OCPD reports. |
| 119. | Monica Black<br>c/o counsel for Defendant City | • Dispatch<br>• Facts and circumstances surrounding Defendant Holtzclaw's records checks on his victims, as indicated on OCPD reports. |
| 120. | Calena Groves<br>c/o counsel for Defendant City | • Facts and circumstances surrounding Defendant Holtzclaw's records checks on his victims, as indicated on OCPD reports.<br>• OCPD policies, procedures, and practices regarding the VARUNA system. |

| 121. | Courtney Porter<br>c/o counsel for Defendant City | • Dispatch<br>• Facts and circumstances surrounding Defendant Holtzclaw's records checks on his victims, as indicated on OCPD reports. |
|---|---|---|
| 122. | Nicole Williams<br>c/o counsel for Defendant City | • Dispatch<br>• Facts and circumstances surrounding records checks on Defendant Holtzclaw's victims, as indicated on OCPD reports. |
| 123. | Darren Gordon<br>c/o Oklahoma County District Attorney<br>320 Robert S. Kerr Ave., # 505<br>Oklahoma City, OK 73102 | • Facts and circumstances surrounding obtaining and reviewing Defendant Holtzclaw's phone records relevant to some of his victims. |
| 124. | Greg Middleton<br>c/o Tri Tech<br>9477 Waples St.<br>San Diego, CA 92121 | • AVL data recording and storage |
| 125. | Robert Farrell<br>c/o counsel for Defendant City | • OCPD training, policies, procedures, and practices involving the CAD system, AVL system, radio traffic system, and calls/requests made by Defendant Holtzclaw, 2C45, on the dates and times in question in this case;<br>• Mechanics of the AVL system;<br>• Mechanics of the CAD system;<br>• CIU division systems and processes. |
| 126. | Diane Denham<br>c/o counsel for Defendant City | • OCPD secretary<br>• Facts and circumstances surrounding transcription of some interviews, as reflected in OCPD reports. |
| 127. | Defendant Daniel Holtzclaw<br>c/o Attorney Kathleen Zellner | • Facts and circumstances surrounding his employment with OCPD, including but not limited to his training, supervision, discipline, and personnel investigations in which he was involved;<br>• Facts and circumstances surrounding his encounters with the Plaintiffs Barnes, Copeland, Ellis, Gardner, Grate, Hill, Johnson, Ligons, Lyles, Morris, and Raines, and Ms. Bowen and Ms. Mathis;<br>• Topics discussed in deposition in this case. |
| 129. | Officer Kyle Maly<br>c/o counsel for Defendant City | • Facts and circumstances surrounding the detention of Plaintiff Morris on June 3, 2014. |
| 130. | Detective Daniel Higginbottom | • Facts and circumstances surrounding the line-up shown to Plaintiff Morris on June 24, 2014. |

| | c/o counsel for Defendant City | |
|---|---|---|
| 132. | All witnesses needed for impeachment or rebuttal purposes. | |
| 133. | All witnesses needed for authentication of exhibits. | |
| 134. | All Defendants' witnesses not objected to by these Plaintiffs. | |
| 135. | Discovery is ongoing. Plaintiffs reserve the right to supplement this list. | |

Respectfully submitted,

**RIGGS, ABNEY, NEAL, TURPEN,**
  **ORBISON & LEWIS, P.C.**


s/ *Kymberli J. M. Heckenkemper*
KYMBERLI J. M. HECKENKEMPER, OBA # 33524
502 West Sixth Street
Tulsa, OK 74119
(918) 587-3161—Office   |   (918) 587-9708—Fax
kheckenkemper@riggsabney.com

MELVIN C. HALL, OBA # 3728
528 NW 12th Street
Oklahoma City, OK 73103
(405) 843-9909—Office   |   (405) 842-2913—Fax
mhall@riggsabney.com

**SOLOMON SIMMONS LAW, P.L.L.C**

DAMARIO SOLOMON-SIMMONS, OBA # 20340
601 South Boulder Avenue, Suite 600
Tulsa, OK 74119
(918) 551-8999—Office   |   (918) 582-6106—Fax
dss@solomonsimmons.com

**PARKS & CRUMP, P.L.L.C.**

BENJAMIN L. CRUMP, FL Bar # 72583
122 South Calhoun Street
Tallahassee, FL 32301
bcrump@parkscrump.com

***Attorneys for Plaintiffs Copeland, Hill,
Johnson, Ligons, Lyles & Morris***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 2, 2019, I filed the above document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

s/ *Kymberli J. M. Heckenkemper*